UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:24-CR-98-KAC-JEM |
| DAVID ROBINSON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant David Robinson's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 15], filed on October 17, 2024.

Defendant seeks a continuance of approximately forty-five days [Doc. 15 p. 2]. In support of his motion, Defendant notes that on September 19, 2024, the Court held an initial appearance and appointed his counsel [*Id.* ¶ 1]. He states that his counsel and the Government remain in good communication about the case [*Id.* ¶ 2]. Defendant understands that the time between filing this motion and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.* ¶ 4]. He represents that the Government does not oppose a continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time

necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to communicate with the Government about resolving the case and, if discussions are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the November 26, 2024 trial date.

The Court therefore **GRANTS** Defendant David Robinson's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 15**]. The trial of this case is reset to **March 18, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 17, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant David Robinson's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 15**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 18, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 17, 2024**, and the new trial date of **March 18, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **November 18, 2024**, and responses to motions are due on or before **December 2, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 18, 2025**;

(6) the deadline for filing motions *in limine* is **March 3, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 4, 2025, at 2:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 7, 2025**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge